## SINGER MFG. CO. v. HOROWITZ.

(Supreme Court, Appellate Term.  May 19, 1904.)

1. RENT OF CHATTEL—LENDER'S LIEN—FORECLOSURE—SUFFICIENCY OF EVI-
DENCE.

Evidence in an action by the lender of a sewing machine to foreclose a lien thereon examined, and *held* insufficient to sustain a judgment for plaintiff, as against the defense of a purchase of the machine for less than the value recited in the contract, and the payment in full of such purchase price.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Singer Manufacturing Company against Harris Horowitz.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

M. H. Gotlieb, for appellant.

B. L. Brandner, for respondent.

PER CURIAM.  The plaintiff brought this action to foreclose an alleged lien upon a sewing machine rented to the defendant under a written contract, which recites that the machine is received by the defendant in good order, that it is valued at $65, and that the defendant has rented the same, for the use of which he agrees to pay rent as follows: "Five dollars cash and Thirteen Dollars an allowance" for the rent of the first week, and then at the rate of $1 per week in advance for 47 weeks thereafter.  There is also the clause usual in such contracts, permitting the lessor, in case of default, to enter upon the premises of the defendant and take the property, etc., and also that the defendant may purchase the property at any time, by paying the above valuation, in which event there shall be deducted the amounts theretofore paid.  This instrument was signed by the defendant and one Kahn.  Attached to the contract was a receipt, signed by the defendant and said Kahn as a witness, acknowledging the receipt of the machine, and of an allowance of $13 thereon.  The pleadings were oral, and the defense a general denial and payment.  Kahn was not produced at the trial, but the plaintiff's agent, one Rein, testified that the defendant made his last payment upon February 5, 1903; that he demanded a return of the property, or the balance due thereon, from the defendant; and that such demand was refused.  He also testified that he was familiar with "that account"—referring to the written contract offered in evidence—and stated that there was a balance due thereon of $22.  This testimony was not objected to, but it appears by his subsequent testimony that the witness had but little, if any, actual knowledge upon the subject, as he stated that he did not deliver the machine to the defendant, and was not sure that other agents had not called upon the defendant and collected money upon the claim.  On the other hand, the defendant testified that he purchased the machine for $28, although he admitted making the contract which recited the value of the machine to be $65, and that he had paid Kahn in full, having paid $3 at the time the contract was made, and the balance in sums of $5 each.  He produced five

receipts, each for the sum of $5; the last one being ·dated February 5, 1903, and upon the back of which appears the words, "Paid in full, Feb. 5th, 1903—D. Kahn." This indorsement and the signature are clearly in the same handwriting as that in the body thereof, and the signature is apparently the same as that on the other receipts. It was admitted by the plaintiff's attorney that the receipts were those of the plaintiff, although he repudiated the indorsement upon the back of the last one. The receipts, however, were admitted as evidence without objection. The testimony upon both sides is unsatisfactory, and much of it incompetent, and, although the testimony of the plaintiff is that there was $22 due, the court below gave judgment for $19 only—for what reason, does not appear.·

The judgment authorizes the issuing of a body execution against the defendant, and, in view of the uncertain character of the proof as to the exact liability of the defendant, if any exists, we think the interests of justice would be best subserved by ordering a new trial, upon which trial all the material facts can be more clearly shown by competent testimony.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event.